# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>   v.<br><br>CIRILO ALMAZEN TRUJILLO,<br><br>          Defendant. | 1:12-CR-0303 AWI<br><br>**ORDER DENYING MOTION TO DISMISS FOR A VIOLATION OF THE SPEEDY TRIAL ACT**<br><br>(Document #6) |

## BACKGROUND

On September 6, 2012, the Grand Jury in the United States District Court for the Eastern District of California, Fresno Division, returned an indictment charging Defendant Cirilo Almazen Trujillo ("Defendant") with a violating 18 U.S.C. § 922(g) (felon in possession of a firearm) and 8 U.S.C. § 1326 (deported alien found in the United States). An arrest warrant was then issued for Defendant. At the time the indictment was filed, Defendant was incarcerated by the State of California at the California Institution For Men in Chino, California. Defendant has never been arraigned in the Eastern District of California, Fresno Division on the pending federal charges.

On May 7, 2013, Defendant field a motion to dismiss this action. Defendant contends that he has been denied his statutory right to a speedy trial. On May 9, 2013, the United States filed an opposition. The United States contends that the time period required for the United States to try Defendant under the Speedy Trial Act has not yet begun to run because Defendant has not yet appeared before any judge in the United States District Court

for the Eastern District of California, Fresno Division.

## DISCUSSION

Defendant contends that the indictment should be dismissed because his rights to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161(c), 3162(a)(2), have been violated. The Speedy Trial Act provides, in relevant part, that the trial of a defendant charged in an information or indictment shall commence within seventy days from the information or indictment's filing date "or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C.A. § 3161(c)(1). Case law is clear – the Speedy Trial Act's seventy day period does not begin to accrue until a defendant appears in the particular court where the charges against him are pending. United States v. Grimes, 702 F.3d 460 (8th Cir. 2012); United States v. Munoz-Amado, 182 F.3d 57, 60 (1st Cir. 1999); United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir. 1994); United States v. Kalady, 941 F.2d 1090, 1094 (10th Cir. 1991); United States v. Wilson, 720 F.2d 608, 609 (9th Cir. 1983).

While the indictment against Defendant was filed on September 6, 2012, Defendant has not yet appeared before a judicial officer in the Eastern District of California, Fresno Division. Because Defendant has not yet appeared before a judicial officer in the Eastern District of California, Fresno Division, Plaintiff's Speedy Trial Act clock has not yet begun to run. Defendant's motion to dismiss based on violations of the Speedy Trial Act is without merit because the seventy day period required by Section 3161(c)(1) for the commencement of Defendant's trial has not yet begun to run, let alone expire.

## ORDER

Accordingly, the Court ORDERS that:

1. Defendant's motion to dismiss this action is DENIED; and

//

2. The Clerk of the Court is DIRECTED to serve a courtesy copy of this order on:

Cirilo A. Trujillo
AM5654, Cim, D8, B1-114 L
California Institution for Men
Post Office Box - 600
Chino, California 91708-0600

IT IS SO ORDERED.

Dated: May 23, 2013

_____
SENIOR DISTRICT JUDGE